IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES EUGENE MOORE, #297332, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 19-0453-JB-MU |
| KENNETH PETERS, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I. Complaint (Doc. 1) and Proceedings.**

Plaintiff signed his § 1983 complaint on July 29, 2019. (Doc. 1 at 7, PageID.7). Its envelope does not have a postmark to reflect the day of mailing. (*Id.* at 8, PageID.8). The Court received the Complaint on August 5, 2019. (*Id.* at 1, PageID.1).

In the complaint, according to Plaintiff, he was stabbed near his temple while he was sleeping at Fountain Correctional Facility (Fountain) in "July, 2017." (*Id.* at 4, PageID.4). No officers were present in Fountain's I-dorm when he was stabbed. (*Id.*). The two Defendants, Warden Kenneth Peters and Captain Bishop, are alleged to be

responsible for the "lack of security, unconstitutional conditions of confinement, corruption, negligence, . . . wrongful acts." (*Id.* at 5, PageID5.). It is alleged the Constitution was violated as well as several statutes of the Alabama Code. (*Id.*). After the incident, he notified Defendant Peters about transferring him for his safety, but Defendant Peters was "careless" about transferring him and acted "with a deliberate indifference to basic human needs" [-] "negligence," "wrongful act," "failure-to-protect," corruption!"[1] (Doc. 1-1 at 2, PageID.10). Defendants' careless conduct, he maintains, almost caused his death and left him with damage to his face, nerves, and brain and a lazy eye. (*Id.* at 4, PageID.12). He also complains about the living conditions at Fountain, ranging from mold and fungus on the floors and the walls and the lack of sanitation and odors in the bathrooms and the kitchen. (*Id.* at 3, PageID.11). For his injuries, he seeks, among other things, compensatory and punitive damages, a temporary restraining order, and a preliminary injunction. (*Id.* at 5, PageID.13). Additionally, Plaintiff advised that District Judge Kallon in the Northern District of Alabama, who heard his habeas case, told him he needed to file a § 1983 action for these violations. (*Id.* at 3, PageID.11).

In screening Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), the Court found it to be deficient because it failed to state a claim upon which relief could be granted. (Doc. 12, at 1, PageID.32). The Court pointed out to Plaintiff his complaint's shortcomings, chiefly, he needed to allege *facts* to make out a plausible claim instead of using legal terms and conclusions and making naked assertions. (*Id.* at 2, PageID.33).

---

[1] The Court notes that Plaintiff was at Kilby Correctional Facility when he filed his complaint (Doc. 1 at 8, PageID.8), then at Holman Correctional Facility (Doc. 7, PageID.28), and is presently incarcerated at Limestone Correctional Facility. (Doc. 13 at 10, PageID.48).

Plaintiff was also provided the legal requirements for an Eighth Amendment claim and was advised he had not connected claims for Fountain's living conditions to his failure-to-protect claim and, therefore, he needed to choose which claim he wanted to proceed on in this action, with the other claim needing to be brought in another action. (*Id.* at 5-6, PageID.36, 37). He was warned that if his action was dismissed, he may not be able re-file a viable § 1983 action because the two-year statute of limitations for a § 1983 action would prevent his re-filed action from going forward. (*Id.* at 7, PageID.38).

Plaintiff was granted leave to file a first amended complaint that corrected the noted deficiencies, contained only one claim, and stated a claim. (*Id.* at 6, PageID.37). He was warned that his first amended complaint would replace his original complaint, and, if his first amended complaint did not comply with the Court's order or if he did not file a first amended complaint, his action would be dismissed. (*Id.* at 1, 6, PageID.32, 37).

Plaintiff filed his first amended complaint, which contains only claims based on the stabbing. (Doc. 13 at 4-6, PageID.42-44). Notably, he begins his first amended complaint by identifying the date on which he was stabbed as "on or around July 12, 2017." (Doc. 13 at 4, PageID.42). In view of the identification of this date and the resulting recommended disposition of this action, and with the facts concerning the actual stabbing having been set out above, the Court will be brief in its description of the first amended complaint's allegations. Plaintiff claims that Defendants did not ensure through their supervision that standard operating procedures were followed, which would have entailed that rounds were made every hour and that someone would be supervising the dorms at all times, and they did not ensure his safety by maintaining

order. (*Id.*). His other allegations contain conclusions (e.g., deliberate indifference), alleged violations of state statutes, and illogical statements as well as appropriate statements regarding his injury and resulting damages. (*Id.*). For relief, Plaintiff seeks compensatory and punitive damages, costs of this action, any additional relief the Court deems just, and expungement of his conviction. (*Id.* at 8, PageID.46).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his first amended complaint (Doc. 13, PageID.39) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*[2]

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual

---

[2] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 566 U.S. 662 (2209). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

The dates are important to the Court's disposition of this action. Plaintiff signed his complaint on July 29, 2019. (Doc. 1 at 7, PageID.7). This is the only date that bears on the date of filing due to the absence of other pertinent dates. Then, with regard to

when his claim accrued, Plaintiff provided in the first amended complaint that the date of the stabbing was "on or around July 12, 2017." (Doc. 13 at 4, PageID.42).

The statute of limitations for a § 1983 action filed in Alabama is two years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir.), *cert. denied*, *Callahan v. Allen*, 553 U.S. 1098 (2008); *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6–2–38(l). The statute of limitations begins to run when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007). Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" *Id. (*brackets in original) (citation and quotation marks omitted). In the present action, Plaintiff's claims based on his stabbing accrued when he was stabbed, as he could have immediately filed an action.

The filing of a prisoner's complaint occurs when he gives the complaint to prison officials for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). When the date of filing cannot be determined from prison mail logs or other records, the Court "will assume that [the complaint] was delivered to prison authorities the day he signed it[.]" *Washington v. U.S.,* 243 F.3d 1299, 1301 (11th Cir. 2001). Based on this assumption, Plaintiff filed this action on July 29, 2019, the date of his

signing, which is more than two years from when his claims accrued "on or around" July 12, 2017. Accordingly, Plaintiff's action is barred by the two-year statute of limitations and is due to be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *Jones*, 549 U.S. at 215, 127 S.Ct. at 920-21 ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").[3]

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule

---

[3] The Court recognizes that the dismissal of this action without prejudice is the equivalent of a dismissal with prejudice because the statute of limitations has expired. Ordinarily, the Court would allow a plaintiff to file an amended complaint at this juncture, but Plaintiff has already been provided that opportunity. *Cornelius v. Bank of Am., N.A.*, 585 F. App'x 996, 1000 (11th Cir. 2014). Moreover, where the filing of an amended complaint would be futile, i.e., "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant," the allowance of an amended complaint is not warranted. *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007). In the present action, the filing of amended complaint would be futile as the Court does not know of reason from a review of the pleadings that the statute of limitations should not be applied. *Lewis v. Alabama,* 2019 WL 4580431, at *3 (N.D. Ala. 2019) (unpublished).

7

3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this 1st day of April, 2020.

                                                  s/ P. BRADLEY MURRAY
                                                  **UNITED STATES MAGISTRATE JUDGE**